## Spears v. Commonwealth.

(Decided January 26, 1923.)

### Appeal from Floyd Circuit Court.

1.  Arrest—Mode of Making Arrest—Intoxicating Liquors.—Where an officer testifies that he made an arrest for a misdemeanor committed in his presence, and there is evidence to show that it was committed, the arrest will be so treated, although the officer at the time had in his possession a search warrant for the person arrested.

2.  Intoxicating Liquors—Commission of Offense in Presence of Officer.—Evidence obtained under a search made by an officer arresting one for committing an offense in his presence can be used in prosecuting the arrested person for any offense that he has committed.

J. D. SMITH and B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Moorman—Affirming.

Upon an indictment returned by the grand jury of Floyd county, appellant was convicted of the offense of unlawfully transporting intoxicating liquors and his punishment fixed at a fine of $300.00 and confinement in the county jail for thirty days. On this appeal he complains of the judgment because of the admission of incompetent testimony.

The testimony that is said to be incompetent was given by an officer of Floyd county who had arrested appellant and discovered that he was transporting the liquor. Objection was made to this testimony on the ground that it was a disclosure of information procured in the execution of an illegal search warrant. The trial court heard the testimony and held that it was competent on the ground that the arrest was not made on the warrant but for the commission of a misdemeanor in the presence of the officer; and further, having so made the arrest, the search of appellant was authorized and any evidence found was competent as tending to prove any offense with which appellant might be charged.

The facts are that the officer had a search warrant for appellant in his possession, and meeting him on the public road discovered, as the officer says, that he was under the influence of liquor and arrested him for that offense committed in his presence. The officer testified that he did not attempt to execute the warrant. In view of that testimony the trial court was correct in holding that the arrest was not made on the warrant but, as stated by the officer, for a misdemeanor committed in his presence.

It is contended, however, on the authority of Turner that, although appellant was legally arrested for an offense committed in the presence of the officer, the Commonwealth could not use the evidence obtained in making that arrest to convict appellant of an offense different from that for which he was arrested. We do not construe the authorities relied on as sustaining that view of 192 Ky. 153, and Ash v. Commonwealth, 193 Ky. 452, v. Commonwealth, 191 Ky. 825, Commonwealth v. Riley,

the law.   On the other hand they accord with the general rule that any evidence obtained in making a lawful arrest can be used in prosecuting the arrested person for any offense that he has committed.   The theory on which it has been held that facts obtained in making an unlawful arrest, or in executing an illegal search warrant, cannot be admitted as evidence against the person whose property or person has been violated, is that the courts will not countenance an illegal act by accepting the fruits thereof.   But that theory has no application to a lawful arrest, for in that state of case there has been no wrongful acquisition of the facts and no violation of the rights of the arrested person, and accordingly there is no reason for excluding the evidence so obtained.

The evidence, in our opinion, was competent, and since it is ample to justify a conviction the judgment is affirmed.